# EXHIBIT A

| | | |
|---|---|---|
| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br><br>Court   [X] Circuit [ ] District<br><br>County   FAYETTE |

STATE FARM FIRE AND CASUALTY CO;                                                    **PLAINTIFF**
KRISTA HOLLOWAY; AND DOUGLAS HOLLOWAY

VS.

ELECTROLUX NORTH AMERICA, INC.                                                    **DEFENDANT**
10200 DAVID TAYLOR DR.
CHARLOTTE, NC 28262

RECEIVED
FEB 03 2012
BY: _____

**Service of Process Agent for Defendant:**

SECRETARY OF STATE

CAPITOL BLDG.

FRANKFORT, KY 40601

---

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: FEB 02 2012 _____, 2_____

WILMA F. LYNCH
FAYETTE CIRCUIT COURT
FAYETTE COUNTY
120 N. LIMESTONE STREET C103
LEXINGTON, KY 40507

BARNETT, PORTER & DUNN
LAKEVIEW BUILDING, STE. 401
100 MALLARD CREEK ROAD
LOUISVILLE, KY 40207

By: _____ Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: _____

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

28372~130

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____

CIVIL ACTION NO. 12-CI-565

FEB 02 2012

STATE FARM FIRE AND CASUALTY COMPANY;
KRISTA HOLLOWAY; and DOUGLAS HOLLOWAY

**PLAINTIFFS**

## COMPLAINT

V.

ELECTROLUX NORTH AMERICA, INC.
10200 David Taylor Drive
Charlotte, NC 28262
(SERVE:      Secretary of State
             Capitol Building
             Frankfort, KY 40601)

A True Copy
ATTEST: WILMA F. LYNCH, CLERK
FAYETTE CIRCUIT COURT

By:_____Deputy

**DEFENDANT**

\*\* \*\* \*\* \*\* \*\*

Plaintiffs, State Farm Fire and Casualty Company ("State Farm"), Krista Holloway, and

Douglas Holloway (hereinafter collectively referred to as "the Holloways"), by counsel, for their

Complaint state as follows:

### PARTIES

1. That at all times mentioned herein, the Holloways were residents of Fayette County, in

the Commonwealth of Kentucky, and owned the property located at 3953 Northampton Drive,

Lexington, Fayette County, Kentucky 40517 (hereinafter referred to as "the property").

2. That at all times mentioned herein, State Farm was a duly licensed insurance company

in the Commonwealth of Kentucky, and at such times, the Holloways were insured under a

policy of homeowners insurance issued by State Farm on the property.

3. That from best information and belief, the Defendant, Electrolux North America, Inc.

("Electrolux") is a foreign corporation, with its principal place of business in North Carolina, and

28372-130

is in the business of designing, manufacturing, marketing, selling and distributing among other products, clothes dryers, including, but not limited to, the clothes dryer described below.

## CIRCUMSTANCES OF ACTION

4. That the Holloways purchased an Electrolux clothes dryer, believed to have been manufactured in July, 2004, and upon their purchase thereof, the Holloways utilized said clothes dryer in a normal, reasonable and safe manner.

5. That on or about the 24th day of August, 2010, the clothes dryer started a fire and caused severe damage to the property and personal property of the Holloways.

6. That as a direct an proximate result of the above described fire, the Holloways' property and personal property was damaged in an amount of at least $86,564.16, plus additional sums.

7. That the Holloways presented a claim to State Farm for the above amount of damages to their property, and personal property, and may have other sums or damages to be determined, if any.

8. That State Farm did pay said claims, except for a $750.00 deductible which was paid by the Holloways, and State Farm is subrogated to the Holloways, and brings this claim with the Holloways against Electrolux for recovery of all monies paid as a direct and proximate result of the incident described herein, as alleged in the following Counts.

## COUNT I

### Electrolux Express Warranty

9. Plaintiffs reiterate and adopt each allegation contained in numerical paragraphs 1 through 8, as if copied herein verbatim.

2

10. That Electrolux, as seller, designer, marketer, manufacturer and/or distributor of said clothes dryer, made, implied, and/or expressed warranties that said appliance was reasonably fit for the general uses and purposes for which it was intended; and that said appliance was free of defects in design or construction which would cause an unreasonable risk of injury to persons or their property who would reasonably expect to use the said appliance, including the Holloways.

11. That the damages described herein were sustained as a direct and proximate result of Electrolux's failure to comply with the said, implied, and/or expressed warranties, and that said fan was not reasonably fit for the general uses and purposes for which it was intended.

### COUNT II

### Electrolux Strict Liability

12. Plaintiffs reiterate and adopt each allegation in numerical paragraphs 1 through 11, as if copied herein verbatim.

13. At the time and occasion set forth herein, the clothes dryer was being used in a reasonably foreseeable manner when it failed, causing the Holloways' home to be damaged by the fire, and causing the Holloways to suffer damages as described above.

14. Plaintiffs state that Electrolux should be held strictly liable because said clothes dryer was manufactured, marketed, designed, sold and/or distributed in a defective condition, unreasonably dangerous for the purpose for which it was intended. At the time said appliance was manufactured, marketed, designed, sold an/or distributed by Electrolux, it was engaged in the business of marketing, manufacturing, designing, selling and/or distributing such products as and including clothes dryers, and said appliance was expected to and did reach the intended user or consumer without substantial change in the defective and unsafe condition in which it was designed, marketed, manufactured, sold and/or distributed.

3

15. That Electrolux negligently violated KRS 411.300, known as the Product Liability Act, and in particular KRS 411.340.

16. That the damages sustained by the Plaintiffs are the direct and proximate result of the design, marketing, manufacture, sale and distribution of said defective and unreasonably dangerous clothes dryer.

## COUNT III

### Electrolux Negligence

17. Plaintiffs reiterate and adopt each allegation in numerical paragraphs 1 through 16, as if copied herein verbatim.

18. That Electrolux negligently manufactured, designed, assembled, marketed, sold and/or distributed the clothes dryer in such a manner that it created an unreasonable risk of physical harm and injury to the reasonably foreseeable and intended users of the clothes dryer, including the Holloways; and that said negligence included, but was not limited to, improper and dangerous design, testing, and inspection; failure to warn of the unreasonably dangerous condition of the appliance and/or other defects in the design or manufacture thereof; and the continued design, manufacture, sale and distribution of said clothes dryer after Electrolux knew, or should have known, through the exercise of reasonable care that said appliance was defective, unsafe and dangerous and constituted an unreasonable risk of harm and injury to the foreseeable and intended users of same, including the Holloways.

19. That the damages sustained by the Plaintiffs are the direct and proximate result of the aforesaid negligence on the part of Electrolux, and pursuant to KRS 411.341, Electrolux is responsible for the damages sustained by the Holloways and State Farm.

4

WHEREFORE, Plaintiffs, State Farm Fire and Casualty Company, Krista Holloway and Douglas Holloway, by counsel, demand:

1. Judgment in the amount of $86,564.16, plus any additional amounts they may suffer, against the Defendant, Electrolux North America, Inc., with interest at the rate of 12% per annum from the date of Judgment until paid in full;

2. Prejudgment interest at the statutory rate of 8% per annum from the date of the loss herein, up until the date of the Judgment herein, or for a period of time to be determined;

3. Their reasonable costs expended herein;

4. Their reasonable attorneys fees incurred herein; and

5. Any and all other relief to which they may appear to be entitled.

BARNETT, PORTER & DUNN
Kenneth E. Dunn (KBA# 81257)
Robert E. Barnett (KBA# 03450)

Lakeview Building, Suite 401
100 Mallard Creek Road
Louisville, Kentucky 40207
(502) 893-1385
kdunn@barnettporterdunn.com
Attorney for Plaintiffs, State Farm Fire and
Casualty Company, Krista Holloway and
Douglas Holloway

5



**Alison Lundergan Grimes**
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

February 3, 2012

ELECTROLUX NORTH AMERICA, INC.
10200 DAVID TAYLOR DR.
CHARLOTTE, NC 28262

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 12-CI-565

COURT:  Circuit Court Clerk
        Fayette County, Division: 7
        120 N Limestone St
        Lexington, KY 40507
        Phone: (859) 246-2141 OR (859) 246-2142

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on**
    **the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed**
    **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.



Kentucky
UNBRIDLED SPIRIT

SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

CERTIFIED MAIL



7192 2677 0010 0146 1653

RETURN RECEIPT (ELECTRONIC)

RETURN RECEIPT REQUESTED
ELECTROLUX NORTH AMERICA, INC.
10200 DAVID TAYLOR DR.
CHARLOTTE, NC 28262

UNITED STATES POSTAGE
$ 05.95°
PITNEY BOWES
02 1R
0006555563   FEB 03 2012
MAILED FROM ZIP CODE 40601

28252837G   CO2G